IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DANNI LYNN WINTER, SUSAN BRAWNER,
TYBER WARD, SATIOUS MARTINEZ, and
ANTHONY BARELA,**

      **Plaintiffs,**

      v.

**NEW MEXICO DEPARTMENT OF WORKFORCE
SOLUTIONS, and RICKY SERNA,** *in his official capacity
as Acting Secretary of the New Mexico Department of
Workforce Solutions*,

      **Defendants.**

Civ. No. 21-475 JFR/SCY

### MEMORANDUM OPINION AND ORDER DENYING
### PLAINTIFFS' AMENDED MOTION TO ALTER JUDGMENT [1]

**THIS MATTER** is before the Court on Plaintiffs'[2] *Amended Motion to Alter Judgment* ("Motion"), filed October 27, 2022. Docs. 61, 62. Defendants did not file a responsive pleading, and Plaintiffs notified the Court that their Motion is ripe for decision. Doc. 63. On December 8, 2022, the Court ordered Plaintiffs to provide supplemental briefing limited to discussing (1) which Plaintiffs have received Pandemic Unemployment Assistance ("PUA") benefits from Defendants, and (2) whether a live controversy continues to exist between the parties. Doc. 65. Plaintiffs and Defendants each filed a brief responsive to the Court's inquiries. Docs. 66, 67.

---

[1]     Pursuant to 28 U.S.C. § 636(c) and Fed R. Civ. P. 73(b), the parties consented to the undersigned to conduct any or all proceedings, and to enter an order of judgment in this case. Docs. 6-9.

[2]     Plaintiff Tyber Ward has been dismissed from this litigation. Doc. 46.

Having considered the pleadings, the applicable law, and being otherwise sufficiently advised,[3] the Court hereby **DENIES** Plaintiffs' Motion.

## BACKGROUND

The Court entered a *Memorandum Opinion and Order* ("Order") (Doc. 57) on September 12, 2022, addressing three dispositive motions in this case: Defendants' *Motion to Dismiss* (Doc. 47), Defendants' *Motion to Dismiss or in the Alternative for Summary Judgment* (Doc. 48), and Plaintiffs' *Motion for Summary Judgment* (Docs. 52, 53). The Court's rulings therein disposed of Plaintiff's Complaint in its entirety: Count One was dismissed for failure to plead a viable claim, and summary judgment was entered in favor of Defendants on Counts Two and Three. Docs. 57 at 21-22; 58. The Court entered a *Final Judgment and Order of Dismissal* ("Final Judgment") accordingly. Doc. 58.

On October 11, 2022, Plaintiffs filed their *Motion to Alter Judgment*. Doc. 59. Plaintiffs filed the instant Motion on October 27, 2022. Doc. 61. The Motion challenges only the Court's entry of summary judgment in favor of Defendants on Count Two. *See generally* Doc. 62. Count Two of Plaintiff's Complaint alleged that Defendants "violated Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution by failing to provide them with notice and a hearing prior to denying them benefits to which they have a legitimate claim of entitlement." Doc. 1 at 16. The benefits to which Plaintiffs claim they are entitled are PUA benefits,[4] provided for under the Coronavirus Aid, Relief, and Economic Security

---

[3] Plaintiffs also requested a hearing on their Motion. Doc. 64. After due consideration, the Court has concluded that a hearing is unnecessary and is comfortable ruling without one. As such, this request is denied.

[4] In their Complaint, Plaintiffs also reference Federal Pandemic Unemployment Compensation ("FPUC") and Pandemic Emergency Unemployment Compensation ("PEUC") benefits. Doc. 1 at 3-4. Plaintiffs' Complaint states that their eligibility to receive FPUC and PEUC benefits turns on their eligibility to receive PUA or unemployment insurance ("UI") benefits. *Id.* Plaintiffs now abandon their claim that they were eligible for PEUC. Doc. 62 at 3 n.2. Nevertheless, given the Court's rulings in its Order and its analysis below, the Court need not reference these benefits with specificity.

("CARES") Act, 15 U.S.C. § 9001 *et seq.* Doc. 1 at 3-4. In its Order, the Court concluded, in relevant part, that Plaintiffs did not have a property interest in PUA benefits and granted summary judgment on Count Two in favor of Defendants. Doc. 57 at 13-15.

## ANALYSIS

I.   **Justiciability**

The Court begins its analysis with the question of justiciability, given the developments stated in Plaintiff's Motion. Specifically, Plaintiffs represent that "On September 8, 2022, Defendants' counsel communicated to the undersigned via email that Defendants had not only accepted and begun to process Plaintiffs' PUA applications, but had approved two of them." Doc. 62 at 7. Plaintiffs also attached the email from Defendants' counsel where this information was communicated, which states, in relevant part:

> Wanted to let you know we have completed processing PUA benefits for [Plaintiffs] Satious Martinez and Anthony Barela back to March 2020. Since we had already completed the certifications for that period, we did not need any additional informatoin [sic] and the payment will be on their debit cards tomorrow. We are still working on the other two plaintiffs in that case.

Doc. 62-1 at 5. These developments prompted the Court to order supplemental briefing. Doc. 65. Given the operative allegation in Plaintiffs' Complaint, i.e., that Defendants denied them access to apply for PUA benefits, Doc. 1 at 7-8, a showing to the contrary may render the case moot and divest the Court of subject-matter jurisdiction. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, an actual controversy must be extant *at all stages of review*, not merely at the time the complaint is filed." (emphasis added) (internal quotation marks and citation omitted)); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (stating that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists").

In their supplemental briefing, Plaintiffs represent that Plaintiff Danni Lynn Winter is still unable to meaningfully utilize Defendants' website to apply for PUA benefits. Doc. 67 at 3-4. Defendants' brief offers contrary representations. Doc. 66 at 1-4. Given that the controversy between the parties appears unresolved, the Court is satisfied that the matter is justiciable and that it retains subject-matter jurisdiction over this case. *See Kansas Jud. Rev. v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009). The Court turns now to discuss the legal principles governing Fed R. Civ. P. 59(e), the vehicle with which Plaintiffs bring the instant Motion.

**II.   Rule 59(e)**

"The purpose of a Rule 59(e) motion to alter or amend is to correct manifest errors of law or to present newly-discovered evidence. Such a motion is not intended to allow the parties to relitigate previous issues, advance new theories, or rehear the merits of a case." *Brinkman v. State of Kan., Dep't of Corr.*, 869 F. Supp. 902, 904 (D. Kan. 1994) (alteration, internal quotation marks, and citation omitted); *accord Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). In considering a Rule 59(e) motion, the Court must remain cognizant that, while it has some discretion in making its ruling, there is a strong public interest in protecting the finality of judgments. *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). The basis of Plaintiffs' Motion is that the district court committed legal error in its Order. Doc. 62 at 2. It is through this lens that the Court conducts its analysis. To the extent that Plaintiffs raise new issues in their Motion, they are not considered. *See White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 451 (1982) ("[T]he federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits.").

### III. The Merits of Plaintiffs' Motion

At the outset, the Court recognizes, as do Plaintiffs, in reference to Defendants' failure to respond to their Motion, that D.N.M.LR-Civ. 7.1(b) states: "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Doc. 63. However, the Court must constrain its use of this rule to those situations where the relief sought is properly granted. *Baumeister v. N.M. Comm'n for the Blind Adult Orientation Ctr.*, 425 F. Supp. 2d 1250, 1268-69 (D.N.M. 2006) ("Pursuant to D.N.M.[]LR-Civ. 7.1(b), the [c]ourt treats an issue to which no timely response is made as unopposed and resolves the issue in favor of the moving party, unless it would be incorrect or improper to do so.").

As mentioned above, in its Order, the Court concluded that Plaintiffs do not have a property interest in PUA benefits. Doc. 57 at 13-15. This is the aspect of the Court's ruling that Plaintiffs primarily challenge in their Motion. Doc. 62 at 2-18. In addition, Plaintiffs point to various other aspects of the Court's Order that they claim are clearly legally erroneous. *Id.* at 18-24. For the reasons that follow, the Court is not persuaded that its conclusion that Plaintiffs do not possess a property interest in CARES Act benefits is legally erroneous. Therefore, as explained below, the Court need not reach Plaintiffs' contentions that do not bear on their position that there is a property interest in CARES Act benefits, because in the absence of a property interest, Defendants could not have violated Plaintiffs' rights to due process.[5] *See* U.S.

---

[5] The Court notes that, with regard to whether there is a property interest in CARES Act benefits, Plaintiffs do not address the Court's conclusion that one reason why a property interest does not exist in such benefits is because there is no express or implied private right of action under the CARES Act. Doc. 57 at 13-14 (citing *Graham v. Payne*, No. 21-CV-888, 2022 WL 815138, at *2 (N.D. Ind. Mar. 17, 2022); *Moss v. Lee*, No. 21-CV-561, 2022 WL 68388, at *6 (M.D. Tenn. Jan. 6, 2022); *McClendon v. Bernard*, No. 21-CV-823, 2021 WL 5567369, at *2 (E.D. Ark. Nov. 29, 2021)). Thus, even if the Court were to accept Plaintiffs' arguments as presented, its ultimate conclusion would remain unchanged.

Const. amend. XIV, § 2.  However, in the interest of clarity, the Court briefly addresses these arguments.

A. **There Is No Property Interest in CARES ACT Benefits**

Plaintiffs take issue with the persuasive authority the Court relied upon in reaching its ruling that they have no property interest in CARES Act benefits and provide additional persuasive authority they claim supports their position.  *Id.* at 2-6, 13-14.  The Court first examines the persuasive authority on which Plaintiffs rely in their Motion.  According to Plaintiffs, *Murguía v. Childers*, No. 20-CV-5221, 2021 WL 799876 (W.D. Ark. Mar. 2, 2021) stands for the proposition that a property interest exists in PUA benefits.  Doc. 62 at 13-14.  This is not so.  In *Murguía*, the plaintiff, whose English proficiency was limited, applied for unemployment benefits and was deemed ineligible.  2021 WL 799876, at *2.  The plaintiff filed suit against the defendant alleging, *inter alia*, that she was deprived of procedural due process because the defendant did not "provide language access and . . . delay[ed] in making an accurate determination on her application for unemployment benefits."  *Id.* at *3.  As relevant here, the plaintiff alleged that, at the time she first applied for unemployment benefits, she was not told that she may be eligible for PUA benefits.  *Id.* at *2.  The defendant filed a motion to dismiss for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  *Id.* at *3.  In denying the motion as it pertained to the plaintiff's due process claim, the court based its ruling on the inadequacy of the defendant's briefing, focusing specifically on the defendant's failure to "provide any substantive briefing" on the factors articulated in *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976) for establishing a procedural due process violation.  *Murguía*, 2021 WL 799876, at *7.  Of course, *Matthews* requires that the aggrieved party show "he had a life, liberty, or property interest protected by the Due Process Clause" of the Fourteenth Amendment.

424 U.S. at 332.  In lamenting the defendant's deficient briefing, the court in *Murguía* noted that "[the d]efendant does not dispute that [the plaintiff] has a property interest in [unemployment insurance] or PUA that is protected by the Due Process Clause."  2021 WL 799876, at *7.  Denying a motion to dismiss for failure to state a due process claim because the moving party provided deficient argument, or no argument at all, on the question whether the plaintiff had a property interest in unemployment insurance or PUA benefits is not, as Plaintiffs suggest, a legal conclusion that a property interest exists in PUA benefits.

Plaintiffs also rely on *Nelson v. Cal. Emp. Dev. Dep't*, No. 21-CV-2145, 2022 WL 687150 (S.D. Cal. Mar. 8, 2022).  In *Nelson*, a pro se plaintiff brought suit alleging, *inter alia*, a due process violation after he stopped receiving benefits from the California Employment Development Department.  *Id.* at *1, *4.  In concluding that the plaintiff failed to state a claim for which he could obtain relief, the court stated:

> It is well established that unemployment benefits are a Constitutionally protected property right.  However, [the p]laintiff asserts merely conclusory statements that he has been deprived of his unemployment benefits.  Although the [c]omplaint lists [the p]laintiff's circumstances, *it is unclear whether [the p]laintiff claims to have an entitlement to PUA benefits . . . or if [the p]laintiff claims regular California unemployment benefits.*

*Id.* at *2, *4 (citation omitted) (emphasis added).  Concluding that the plaintiff failed to adequately plead his claims and noting that the court was unsure whether the plaintiff claimed any entitlement to PUA rather than traditional unemployment benefits while noting a property interest in the latter is not "implicitly affirm[ing] the . . . plaintiff's property interest in PUA," as Plaintiffs state in their Motion.  Doc. 62 at 14.[6]

---

[6] Plaintiffs also cite *Newman v. Reardon*, No. 21-CV-6431, 2021 WL 5235044 (S.D.N.Y. Nov. 8, 2021).  Doc. 62 at 14.  There, a pro se plaintiff alleged a violation of due process when his PUA benefits were discontinued. *Newman*, 2021 WL 5235044, at *1.  The district court dismissed his complaint for failure to state a plausible claim for relief.  *Id.* at *3.  In its analysis, the court cited authority for the general proposition that unemployment insurance is a public benefit subject to due process protections because it is "'a species of property.'"  *Id.* at *2 (quoting *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005)).  Like the other cases Plaintiffs cite, this does not "impl[y] a finding of a

7

None of the cases cited by Plaintiffs contain a legal conclusion that there is a property in PUA.  Conversely, the persuasive authority the Court relied upon in its Order clearly concludes that there *is not* a property interest in CARES Act benefits.  *See Moss*, 2022 WL 68388, at *5 ("[The p]laintiffs have no property right to CARES Act benefits."); *id.* at *6 ("That the CARES Act's supplemental programs enhanced state benefits does not mean the CARES Act created state property rights in those benefits."); *Dickerson v. Texas*, No. 21-CV-2729, 2021 WL 4192740, at *3 ("Because the [CARES Act] benefits could be discretionarily removed, they are not protected nor are they entitlements.") (S.D. Tex. Sept. 15, 2021).  And this conclusion has been reached repeatedly by other federal and state courts.  *See Jackson v. Daniel*, No. 21-CV-1107, 2022 WL 1157656, at *4 (W.D. Tex. Apr. 18, 2022) ("Courts have repeatedly found that the CARES Act did not create state property rights in those supplemental benefits because federal law specifically allows states to exercise discretion in ending their distribution of the federal supplemental benefits." (internal quotation marks and citation omitted)), *adopted*, 2022 WL 4588423 (W.D. Tex. June 16, 2022), *aff'd*, No. 22-50558, 2022 WL 4533987 (5th Cir. Sept. 28, 2022); *Plaisance v. Louisiana*, No. 21-CV-121, slip op. at 11 (M.D. La. Sept. 30, 2022) ("Without a property interest in CARES Act benefits, those [p]laintiffs claiming that they should have been paid those benefits cannot state a procedural due process claim related to the denial of benefits."); *Young v. Edwards*, ___ So.3d ___ (La. Ct. App. 2022) (concluding that there is no property right to CARES Act unemployment benefits).

Plaintiffs make much of the fact that *Moss* and *Dickerson* are distinguishable from this case because in those cases the states chose to end participation in CARES Act programs

---

property interest in PUA." Doc. 62 at 14.  When placed in context of the court's broader analysis, it is clear that the court included this proposition in its discussion of due process principles generally, and not to suggest that there is a protected property interest in PUA benefits.  *See Newman*, 2021 WL 5235044, at *2.

8

altogether prior to the plaintiffs there initiating suit, while New Mexico did not allow Plaintiffs to apply for PUA benefits while it was still participating in CARES Act programs. Doc. 62 at 3. Their position is two-fold, and it is flawed. First, Plaintiffs' position misses the forest for the trees. Their factual statements concerning *Moss* and *Dickerson* are accurate, *see* 2022 WL 68388, at *2; 2021 WL 4192740, at *1, *3, but that does not change the legal principle thoughtfully articulated in those cases and relied upon by this Court in its Order. Specifically, one of the reasons that Plaintiffs in this case do not have a property interest in CARES Act benefits is because New Mexico possessed discretion to convey and rescind the benefits regardless of how and when it exercised that discretion; it is well settled that "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). The answer to Plaintiffs' question is not found in how state officials went about exercising their discretion to confer CARES Act benefits, but in the fact that state officials had discretion to exercise at all. *See Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 709 F.3d 584, 594 (6th Cir. 2013) ("A statute creates a protected property interest when it both confers a benefit and limits the discretion of the government to rescind the benefit." (alterations, internal quotation marks, and citation omitted)). Simply stated, a property interest does not exist in CARES Act benefits because of the state's "significant discretionary authority over the bestowal or continuation of them," which "suggests that recipients of such benefits have no entitlement to them." *Moss*, 2022 WL 68388, at *6 (internal quotation marks and citation omitted).[7] While Plaintiffs' allegation that others received

---

[7] These legal principles also resolve Plaintiffs' contention that the CARES Act "is the source" of their property interest. Doc. 62 at 8.

benefits they were entitled to while they did not, if true,[8] is unfortunate, it has nothing to do with the decisive issue here—whether a property right exists in CARES Act benefits. This forecasts the second flaw in Plaintiffs' position: Their statement that "Defendants prohibited Plaintiffs from accessing PUA while allowing others to access those same benefits," Doc. 62 at 3, presents a question of equal protection, not due process. *See Powers v. Harris*, 379 F.3d 1208, 1215 (10th Cir. 2004) ("[E]qual protection . . . applies when the state treats two groups, or individuals, differently."). The Court entered summary judgment in favor of Defendants on Plaintiffs' claim that Defendants violated their equal protection right, and that ruling is not at issue in the instant Motion. Doc. 57 at 15-18.

To the extent that Plaintiffs argue that "Defendants concede that Plaintiffs have a property interest in PUA," this argument is unsupported by the record. Doc. 62 at 7-8. At the outset, the Court notes that it is not bound by any party's concession on the meaning of the law. *United States v. Hoskins*, 654 F.3d 1086, 1101 n.2 (10th Cir. 2011) (Briscoe C.J., concurring in part and dissenting in part); *Capistrano Unified Sch. Dist. v. S.W.*, 21 F.4th 1125, 1137 (9th Cir. 2021). But more significantly than that, Plaintiffs' argument sets forth a fallacy: that because "Defendants failed to allege that Plaintiffs do not have a property interest in PUA," they must be declaring the opposite. Doc. 62 at 7. This is senseless, of course, because while Defendants may not have devoted significant briefing to defining the property interest necessary for due process rights to attach, it is abundantly clear that deprivation of property is the aspect of due process at issue here; Plaintiffs are not arguing that they have been deprived of life or liberty. *See* U.S. Const. amend. XIV, § 2 ("No State . . . shall . . . deprive any person of life, liberty, or *property*, without due proves of law." (emphasis added)). Plaintiffs' statement that because Defendants

---

[8] The Court notes, as it did in its earlier Order, that there is no evidence in the record to support this allegation. Doc 57 at 15-18.

allowed them to apply for PUA benefits, though they were previously unable to, Defendants have conceded that Plaintiffs have a property interest in PUA is equally spurious. Doc. 62 at 7. That Defendants changed course, at best, indicates that they took a remedial action from which Plaintiffs may benefit; it does not amount to a conceding Plaintiffs' claim that Plaintiffs have a property interest in PUA.

  **B.**  **Plaintiffs' Remaining Arguments**

As mentioned above, the Court need not address Plaintiffs' remaining arguments because even if those arguments had merit, Plaintiffs would still not be entitled to relief. However, in the interest of clarity, and so that the Court's ruling is fully understood, Plaintiffs' remaining arguments are briefly discussed below.

    *1.*  *Plaintiffs' Argument Regarding the Exhaustion of Administrative Remedies following Disqualification from Receipt of UI Benefits Misstates the Court's Order and Thus Lacks Merit*

Plaintiffs' argument with respect to the exhaustion of administrative remedies following an unsuccessful application for UI benefits fundamentally misstates the Court's ruling. Doc. 62 at 18-22. In its Order, the Court did not conclude, as Plaintiffs state, "that Plaintiffs had no right to apply for PUA until they have exhausted appeals of their standard, state-funded UI denials up to the level of New Mexico's District Court." Doc. 62 at 18. The Court's Order merely stated that any protected interest that Plaintiffs had was in UI benefits, *see Goldberg v. Kelly*, 397 U.S. 254, 262 (1970) (recognizing that "disqualification for unemployment compensation" is subject to "constitutional restraints" consistent with procedural due process), from which Plaintiffs were disqualified from receiving, as opposed to benefits derived from the CARES Act, and highlighted the undisputed fact that Plaintiffs did not take advantage of the administrative remedies available to them. Doc. 57 at 15. For this reason, the Court will not dwell on this argument further.

### 2. Plaintiffs' Argument Regarding Their Eligibility for UI Benefits Misstates the Court's Order and Thus Lacks Merit

Plaintiffs state that the Court concluded "that Plaintiffs were 'not ineligible' for UI benefits and thus had no right to apply for PUA."[9] Doc. 62 at 22. This is not so. Rather than making a legal conclusion, the Court's Order simply outlines an aspect of Defendants' argument: "[Defendants] argue that Plaintiffs were not ineligible for UI benefits—a prerequisite for the receipt of PUA benefits; rather, according to Defendants, Plaintiffs were monetarily *eligible* for UI benefits, but were *disqualified* from receiving those benefits 'due to a separation issue.'" Doc. 57 at 10 (quoting Doc. 48 at 8-9). Plaintiffs then claim the Court reached this conclusion through improper reliance on *Sullivan v. Bd. of Rev., Dep't of Lab.*, 272 A.3d 44 (N.J. Super. Ct. App. Div. 2022). Doc. 62 at 22. Plaintiffs direct the Court to its analysis of *Sullivan* in an earlier section of their Motion. *Id.* There, Plaintiffs distinguish *Sullivan* from the instant case on the basis that *Sullivan* does not speak to whether there is a property interest in CARES Act benefits. *Id.* at 6.

This argument, to the extent it is developed and not premised on a misstatement of the Court's Order, is not well-taken. The Court's use of *Sullivan* highlighted that the plaintiff there was disqualified from receiving state UI benefits because he "'left work voluntarily without good cause attributable for such work.'" Doc. 57 at 12-13 (quoting 272 A.3d at 47). The Court noted the parallel between that fact, and the undisputed fact that each Plaintiff in this case was disqualified from receiving UI benefits because they voluntarily resigned their employment

---

[9] To the extent Plaintiffs derive this argument from the Court's recitation of the undisputed material facts, the Court notes, as discussed more fully below, that the undisputed material facts outlined by the Court in its Order were agreed to by the parties. Docs. 51 at 1-2; 57 at 9. Moreover, they do not constitute a legal conclusion. Rather, they reflect the undisputed events that gave rise to this litigation. It is undisputed that the reason Defendants provided as to why Plaintiffs were not permitted to apply for PUA is that each Plaintiff was found to be monetarily eligible for UI benefits, but was disqualified from receiving them for leaving employment without good cause connected to the work. Doc. 48 at 4-6, 8; 57 at 9-10.

without good cause connected to the work. *Id.* at 13 (citing N.M. Stat. Ann. § 51-1-7(A)(1) (2011)). The Court further noted that its reading of eligibility provisions of the CARES Act did not indicate the Plaintiffs met the eligibility requirements for PUA benefits. *Id.* (citing 15 U.S.C. § 9021(a)(3)(A)(i)-(ii)). But this is not the decisive issue. Plaintiffs reiterate their position that they should have been able to apply for PUA benefits. Doc. 62 at 23. Of course, as discussed at length above, the Court's ruling regarding Plaintiffs' due process claim turned on the absence of a property interest in CARES Act benefits. Doc. 57 at 13-15. Again, even if Plaintiffs' argument here that the Court committed legal error was meritorious (it is not), it would not make their Motion successful.

>    3.   *Plaintiffs' Argument Regarding the Materiality of the Undisputed Facts is Undeveloped and Otherwise Meritless*

The final argument that appears in Plaintiffs' Motion is that the undisputed material facts relied upon by the Court in its Order are immaterial and do not entitle Defendants to judgment as a matter of law under Fed. R. Civ. P. 56(a). Doc. 62 at 23-24. First, the Court noted in its Order that the facts were undisputed by the parties in their pleadings, and were thus adopted by the Court for purposes of its analysis. Doc. 57 at 9. While Plaintiffs "'note[d]'" that, in their view, some facts were "'not relevant or material,'" the Court found them properly presented under Fed. R. Civ. P. 56(c)(1)(A). Doc. 57 at 9 (quoting Doc. 51 at 1-2). The facts that Plaintiffs characterized as immaterial concern each of their individual failures to exhaust the administrative remedies available to them following their disqualification from receipt of UI benefits. *Compare* Doc. 51 at 1-2, *with* Doc. 48 at 4-6. Now, in a single-sentence argument, without citation to authority, Plaintiffs reiterate their view that these facts are immaterial, and argue for the first time that the other undisputed facts the Court outlined in its Order are also immaterial: "For the reasons stated herein, these facts do not entitle Defendants to judgment as a matter of law . . . on

13

the due process claim and this Court's dismissal of Count [Two] must be reversed pursuant to Rule 59(e) to correct clear error and to prevent manifest injustice." Doc. 62 at 24.

At the outset, the Court notes that it is in no position to entertain this argument because it suffers from a complete lack of development. Courts do not address arguments that are cursory or those that otherwise want for adequate framing. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994). The Court further notes that Plaintiffs cannot simply put forth a new argument or rely on a new theory in their Motion under Rule 19(e) because their original approach proved unsuccessful. *See Brinkman*, 869 F. Supp. at 904; *see also Pueblo of Jemez v. United States*, 483 F. Supp. 3d 1024, 1109 (D.N.M. 2020) ("A motion to alter or amend under [R]ule 59(e) . . . is an inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments." (omission, internal quotation marks, and citation omitted)).

These considerations notwithstanding, the Court feels compelled to briefly discuss the summary judgment standard as it applies to this case. "The court shall grant summary judgment if the movant shows that there is *no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a) (emphasis added). "The movant bears the initial burden of showing that there is an absence of evidence to support the nonmoving party's case. Once the movant meets this burden, Rule 56(c) requires the non-moving party to designate specific facts showing that there is a genuine issue for trial." *Whitehead v. Mgmt. & Training Corp.*, 524 F. Supp. 3d 1155, 1166 (D.N.M. 2021) (internal quotation marks and citations omitted). As illustrated in the Court's Order and noted above, Plaintiffs did not dispute the facts presented by Defendants, and challenged the materiality only of the facts regarding each of their individual failures to exhaust the administrative remedies available to them following

their disqualification from receipt of UI benefits. Doc. 57. *Compare* Doc. 51 at 1-2, *with* Doc. 48 at 4-6. This is particularly significant here because, as already discussed, the Court's ultimate conclusion on Plaintiffs' due process claim did not rest on the facts pertaining to Plaintiffs' failure to exhaust the administrative remedies available to them following their disqualification from receipt of UI benefits; rather, the Court used these facts to illustrate where Plaintiffs' protected interest was found—in UI benefits, rather than CARES Act benefits. Doc. 57 at 15. Moreover, Plaintiffs did not produce *any* specific facts of their own. Doc. 51 at 1-2. Again, they merely assented to Defendants' presentation of the facts, but "note[d]" that certain of the facts were immaterial—facts that did not impact the Court's legal conclusion they now argue is erroneous. *Id.*

## CONCLUSION

For all the foregoing reasons, Plaintiffs' Motion is **DENIED**, and the Court's Final Judgment remains as entered.

**IT IS SO ORDERED.**

**JOHN F. ROBBENHAAR**
United States Magistrate Judge,
Presiding by Consent